## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

KRANSTON DeSHAUN MOULTRIE    *

     Petitioner,      *

                               CASE NO. 5:04-CR-35 HL

vs.                        *              28 U.S.C. § 2255

                               CASE NO. 5:07-CV-90017 HL

UNITED STATES OF AMERICA,    *

     Respondent.      *

## REPORT AND RECOMMENDATION

       Petitioner Moultrie's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 is before the court for determination, an evidentiary hearing having been held on January 22, 2008, and both the Government and Defense Counsel having filed briefs to the court after receipt of the hearing transcript.

## Procedural History

       Indictment was returned in this court on April 29, 2004, charging Petitioner Moultrie with Possession of Cocaine With Intent To Distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), and § 2. (D-1). On February 14, 2005, Petitioner was brought before the court for initial appearance and arraignment, at which time he received Notice Of Estimated Sentencing Guideline Range of 57-71 months imprisonment. (D-6).

       Petitioner's counsel filed a Motion To Suppress Evidence on Petitioner's behalf on March 17, 2005 (D-18), which was heard and denied on April 6, 2005 (D-23). Thereafter, Petitioner entered into a Plea Agreement with the Government (D-29) on April 26, 2005, of

which he initialed each page and entered his signature at the end signifying that he had either

read or had read to him the entire Plea Agreement and understood its contents. In Section

(3) of the Plea Agreement, Petitioner Moultrie stipulated as follows:

> Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(e), Federal Rules of Civil Procedure, as follows:
>
> (A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One (1) of the indictment which charges defendant with possession with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.
>
> (B) That defendant fully understands that defendant's plea of guilty, as set forth in Subparagraph (A) above, will subject defendant to a sentence of **a maximum of twenty (20) years imprisonment, a maximum fine of $1,000,000 or both, and a term of supervised release of three (3) years.** (emphasis in original)
>
> (C) The defendant acknowledges and understands that the Court is not bound by any estimate or the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office, which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.
>
> (D) The defendant understands fully and had discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after

a presentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(D-29 at 2, 3, and 4). Immediately thereafter Petitioner filed a Motion For Decrease in Guideline Range for Acceptance of Responsibility (D-30), which was grante (D-31).

The completed PSR established an advisory sentencing guideline of from 151 to 188 months imprisonment, because defendant had been determined to be a career offender pursuant to U.S.S.G. § 4B1.1, based upon the finding at ¶ 21 of the PSR that Petitioner's 1994 conviction for Resisting Arrest in Duval County, Florida, which had been reported as a misdemeanor in the Notice of Estimated Sentencing Range (D- 6), was, in fact, the felony offense of Resisting Arrest With Violence.

Petitioner Moultrie filed a Motion To Withdraw his Guilty Plea on September 21, 2005 (D-35), but the same was denied after hearing on September 29, 2005 (D-39). Thereafter, the court sentenced petitioner to a term of imprisonment of 188 months, at the top end of the advisory sentencing guideline. Petitioner Moultrie appealed the court's denial of his Motion To Withdraw his Guilty Plea to no avail, as the United States Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal on April 27, 2006, under his Plea Agreement waiver of appeal. (D-52). On February 5, 2007, Petitioner timely filed a

Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, alleging ineffective assistance of counsel in counsel's failure to investigate Petitioner's prior criminal history and discover that he actually had convictions which would qualify him as a career offender under U.S.S.G. § 4B1.1.  An evidentiary hearing was held on January 22, 2008 (Tr. D - 82), on Petitioner's ineffective assistance of counsel contentions, which all center around counsel's failure to investigate Petitioner's criminal history to determine that he would be subject to career offender classification under U.S.S.G. § 4B1.1, resulting in a much higher advisory guideline sentence range than had been reported in the Notice of Estimated Sentencing Guideline Range.

As stated above, the only one of Petitioner's prior convictions in question was Moultrie's conviction in 1994 in Duval County, Florida, which had been reported as a misdemeanor in the Notice of Estimated Sentencing Range (D- 6), but was, in fact, later found to be the felony offense, Resisting Arrest With Violence, that resulted in Petitioner's classification as a career offender pursuant to U.S.S.G. § 4B1.1.

At the evidentiary hearing on Petitioner's § 2255 Motion, Petitioner's hearing attorney called AUSA Charles Calhoun, the prosecutor in Petitioner's cases, who testified that he had perceived from Plaintiff's Exhibit A, Pretrial Services Report,  that Petitioner Moultrie had an extensive criminal history, and that he was concerned as to whether  Moultrie might qualify as a career offender, to the extent that he discussed with Petitioner's Attorney, Mr. Jenkins, prior to Petitioner's entry of a guilty plea, the possibility that career offender under 4B1.1 might be applicable to Moultrie in this case. (Tr.D-82 at 11-14).

4

Attorney Jenkins testified that, early in the case, upon examination of Plaintiff's Exhibit A, the Pretrial Service Report which contained a summary of Petitioner's criminal history, he thought Petitioner's criminal history to be extensive. (Tr.D - 82 at 23). Jenkins also testified that he understood the career criminal classification, how such classification was made, and the result of a defendant being found to be a career offender under the federal sentencing guidelines. *Id*. at 23, 24. He then testified that he discussed the extensive criminal history with Petitioner Moultrie, as "it was quite a record – and that it could potentially imply a criminal career offender status." *Id*. at 25. Attorney Jenkins testified that he attempted to investigate Moultrie's criminal history regarding career offender criteria, "the best we could and discussed it with - - including discussing it with the defendant." *Id*. at 34. On examination by the Government's attorney, Attorney Jenkins affirmed that he had discussed the defendant's criminal history and career offender treatment with Moultrie. *Id*. at 36.

In his testimony, Petitioner Moultrie denied that he had received a copy of Plaintiff's Exhibit A, the Pretrial Services Report, or that he had ever had any discussion with Mr. Jenkins prior to entering his guilty plea as to whether or not he could be classified as a career offender. (Tr.D-82 at 56). He testified that, at the time of his guilty plea, he was not even aware of career offender provisions. *Id.* Moultrie testified that, after he entered his plea of guilty and after the PSR was prepared, Attorney Jenkins brought him a copy of both the Pretrial Services Report and the PSR to the jail where he was being held. *Id.* at 56. Petitioner Moultrie stated:

[W]hen I walked in, he said he had some bad news, and then he told me or he showed me basically what the PSI said, and it was contrary to what we thought or what I thought actually the sentence would be. And he was explaining that they gave me the career offender, and we looked further and compared the PSR, or whatever it is, the first one they gave you, to the PSI, the one that the probation officer did after I entered my plea, and one of the convictions that they had as a misdemeanor was actually a felony. So when they done the PSI, I guess they found out that it was actually a felony all along. . . . the '94 conviction for resisting arrest with violence.

*Id.* at 57. Petitioner was then asked by his Hearing Attorney, "And it's your recollection that you thought that was a misdemeanor?" To which question Petitioner Moultrie replied, **"No, I knew it was a felony**, but I didn't know that it would qualify me as a career offender." (emphasis added). Counsel then asked, "Did you tell Mr. Jenkins that it was a felony before you entered a guilty plea?" To which question Petitioner Moultrie answered, "No, sir. We never discussed that conviction." *Id.* at 57, 58.

Furthermore, Government Counsel confronted Petitioner Moultrie with his own affidavit filed in support of his § 2255 motion (D-70-2), wherein Moultrie stated that, "During an attorney visit at Bibb County Jail, prior to entering plea agreement in instant case, Mr. Jenkins told Affaint 'that in the beginning, he thought he might be a career offender, but that he and the U.S. Attorney came to the conclusion that Affiant was not.'" (Tr. D-82 at 66, 67). After being confronted with that statement, Moultrie recanted his denial that he had never discussed career offender with his attorney prior to entering his guilty plea. *Id.*

**Conclusions of Law**

To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984). Under *Strickland* Petitioner must show: (1) that his counsel's representation was deficient; and (2) that this deficient representation prejudiced Petitioner. *Strickland,* 466 U.S. at 687; see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same, the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11ᵗʰ Cir. 1984).

In his Memorandum of Law in Support of his § 2255 Motion (D-70), Petitioner Moultrie places a questionable reliance on this Circuit's case, *United States v. Pease,* 240 F.3d 938 (11ᵗʰ Cir. 2001). The *Pease* case is strikingly similar to Moultrie's situation, but does not come to the conclusions Moultrie urges. The United States Court of Appeals for the Eleventh Circuit discusses the *Pease* case as follows:

> Pease was charged by indictment with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and with possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Pease pleaded guilty to the conspiracy count pursuant to a written plea agreement containing a waiver of his

right to appeal his sentence. At the plea hearing, the magistrate judge informed Pease that the district court would not be bound by any recommendation as to sentencing, that Pease was giving up his right to appeal his sentence either directly or collaterally, and that the charge to which he was pleading guilty carried a minimum mandatory sentence of ten years and a maximum sentence of life imprisonment.

The probation officer prepared a Presentence Investigation Report recommending that Pease be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because Pease had prior convictions for delivery of cocaine and for resisting arrest with violence. At the sentencing hearing Pease objected that his attorney had not advised him that he would be sentenced as a career offender. . . . Pease maintains that he relied upon counsel's prediction that his potential sentence would be anywhere from five to ten years. [Note: Pease was sentenced as a career offender under the Guidelines to a term of 360 months imprisonment. *See* U.S.S.G. § 4B1.1.] In the calculation of Pease's potential sentence, Pease's attorney failed to uncover previous convictions for delivery of cocaine and for resisting arrest with violence. Pease argues that his counsel was ineffective, justifying the withdrawal of his guilty plea.

(*Pease,* 240 F.3d at 940, 941). The Court continued:

We agree with the district court that Pease did not establish that his attorney's performance was deficient. Pease's attorney testified at the evidentiary hearing that his decidedly limited investigation of his client's criminal history included asking the defendant himself if he had prior convictions. As the district court noted, Pease's attorney did not run a criminal records check but instead relied on Pease's representations. [Note: Pease's attorney testified at the evidentiary hearing that Pease did not tell him of a prior conviction for resisting arrest with violence, and that he relied upon Mr. Pease's knowledge or recollection of his criminal history.] While the limited scope of this investigation is certainly not laudatory, we cannot say as a matter of law that reliance on a client's statements is per se deficient performance. *Cf. Thomas v. United States,* 27 F.3d 321, 325 (8th Cir. 1994) (counsel's failure to inform client of

possibility of sentence enhancement as career offender does not fall below objective standard of reasonableness). . . . Rather, a determination of whether reliance on a client's statement of his own criminal history constitutes deficient performance depends on the peculiar facts and circumstances of each case.

*Pease,* 240 F.3d at 941 and 942.

Petitioner Moultrie was fully advised in writing in his Plea Agreement that he could not rely on anyone's sentence prediction, except that determined to be correct by the District Judge. Moultrie also knew that he was, at all times, subject to a statutory sentence up to twenty (20) years. Moultrie discussed his criminal history with his attorney, but omitted to advise his attorney that *he knew* that the misdemeanor attribution to his Resisting Arrest With Violence conviction was wrong, and that it was indeed a felony conviction. Moultrie's statement, "So when they done the PSI, I guess they found out that it was actually a felony *all along,*" leads to the conclusion that he knew that a mistake had been made and he made the conscious choice to ride it out and hope that it would not be caught. Under any circumstances, he is the author of his own misfortune, first for having committed that offense, and secondly, for not telling his attorney what he knew about it *all along*. However, nothing would have changed the fact that Petitioner Moultrie was a career offender subject to the application of 4B1.1. His attorney could have done nothing to change that fact. It is also notable that Moultrie was, at all times, subject to a twenty (20) year sentence under the statute, yet his sentence, even with career offender treatment, was considerably less than that. Petitioner Moultrie has failed to carry his burden of proof as to the first prong of the *Strickland* test to show that his attorney's performance was deficient.

9

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set

Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28

U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation

with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served

with a copy hereof.

SO RECOMMENDED this 21st day of March 2008.


S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE