IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KRANSTON DeSHAUN MOULTRIE,** | : | |
| Petitioner, | : | |
| v. | : | Case No. 5:04-CR-35(HL) |
| | : | 28 U.S.C. § 2255 |
| **UNITED STATES OF AMERICA,** | : | Case No. 5:07-CV-90017(HL) |
| Respondent. | : | |

# ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 87). The R&R recommends denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 69). Petitioner has filed a timely Objection (Doc. 89). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection and has made a de novo determination of the portion of the R&R to which Petitioner objects. For the reasons set forth below, the Court accepts the Magistrate Judge's recommendation that Petitioner's § 2255 Motion be denied.

## I.   BACKGROUND

Petitioner Moultrie was indicted (Doc. 1) on April 29, 2004, for one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. §

1

841(b)(1)(C).  Subsequently, attorney Jack Jenkins, Jr. was appointed to represent Petitioner.  On February 14, 2005, Petitioner was brought before a Magistrate Judge for his initial appearance.  At that time, Petitioner received a Notice (Doc. 6) advising him that his estimated guideline range was fifty-seven (57) to seventy-one (71) months' imprisonment.  The estimated guideline range was based on the criminal history report contained in Petitioner's Pretrial Services Report.

On April 26, 2005, Petitioner entered a plea of guilty to the charge in the Indictment. In the Plea Agreement (Doc. 29), Petitioner stipulated that he was aware that his plea of guilty subjected him to a maximum sentence of twenty (20) years' imprisonment.  (Plea Agree. 3.)  He further stipulated that he understood that he could not rely on any estimate of the advisory sentencing range, and that the Court could not consider or determine an advisory guideline range until after a presentence investigative report was prepared.  (Id.)

After he entered his plea, the U.S. Probation Office prepared its Presentence Report ("PSR").  The PSR determined that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1, subjecting him to an advisory guideline range of 151 to 188 months' imprisonment.  The Sentencing Guidelines provide that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

>   (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  The estimated guideline calculation Petitioner received at his initial appearance failed to classify Petitioner as a career offender because the criminal history information in the Pretrial Services Report was not accurate. Although the criminal history report accurately stated that Petitioner had a previous felony conviction for a controlled substance offense, it erroneously reported that Petitioner did not have any previous felony convictions for a crime of violence. Specifically, the report stated that Petitioner's January 27, 1994, conviction was for resisting arrest without violence.  In preparing the PSR, the Probation Office discovered that this conviction was actually for resisting arrest with violence, a felony.  As a result of this conviction and the felony conviction for a controlled substance offense, Petitioner was classified as a career offender. Thus, his advisory guideline range was significantly longer than the estimated guideline range he received at his initial appearance.

After he entered his plea, but before sentencing, Petitioner filed a Motion to Withdraw Guilty Plea (Doc. 35), asserting that he would not have pled guilty had he know that he would be classified as a career offender.  The Court denied Petitioner's Motion and sentenced him to 188 months' imprisonment.  Petitioner filed a Notice of Appeal (Doc. 41), but it was dismissed by the Eleventh Circuit based on the waiver of appeal provision in the Plea Agreement.

On October 9, 2007, Petitioner filed this Motion to Vacate Under 28 U.S.C. § 2255. In his § 2255 Motion, Petitioner contends that attorney Jenkins rendered ineffective assistance of counsel by failing to fully investigate Petitioner's criminal history and thus discover that Petitioner qualified as a career offender. On January 22, 2008, the Magistrate Judge held an evidentiary hearing on Petitioner's Motion.

At the hearing, Jenkins testified that he discussed Petitioner's criminal history with him prior to the entry of his guilty plea. (Hr'g Tr. 36.) Specifically, he reviewed with Petitioner his criminal history report, and they discussed the career offender provision of the Sentencing Guidelines. (Id. 36.) At no point did Petitioner notify Jenkins that his January 27, 1994, conviction was for resisting arrest with violence. (Id. 37)

Petitioner also testified at the hearing. At first he testified that Jenkins never discussed with him that he might qualify as a career offender, but when confronted with an affidavit (Doc. 70, Ex. 1) that contradicted this assertion, Petitioner recanted and admitted that they did discuss career offender status before he entered his plea. (Hr'g Tr. 66-67.) In the affidavit, which Petitioner attached to his § 2255 Motion, Petitioner asserted that Jenkins told him "that in the beginning, [Jenkins] thought [Petitioner] might be a career offender, but that he and the U.S. Attorney came to the conclusion that [Petitioner] was not. That though [Petitioner] had a lengthy criminal background, it was basically a bunch of arrest [sic] for fairly low-level stuff." (Doc. 70, Ex. 1 ¶ 7.) At the hearing, Petitioner again repeated that he and Jenkins

4

discussed his criminal history and that his arrests were basically for "petty crimes or a bunch of low level crimes." (Hr'g Tr. 58.) Yet Petitioner never notified counsel that he had a previous felony conviction for resisting arrest with violence, even though Petitioner admitted at the hearing that he knew his January 1994 conviction was for that offense. (Id. 57-58.)

On March 21, 2008, the Magistrate Judge issued his R&R, recommending that Petitioner's § 2255 Motion be denied for failure to establish that Jenkins rendered ineffective assistance of counsel. Specifically, he determined that Petitioner had not established the first prong of the Strickland test–i.e., that Jenkins's representation was deficient.[1]  Subsequently, Petitioner filed a timely Objection.

## II.     DISCUSSION

To establish a claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 688 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This test applies to ineffective assistance claims raised in the

---

[1] The Government concedes that Petitioner established the prejudice prong of the Strickland test. Nevertheless, it opposes Petitioner's Motion on the ground that Jenkins's performance was not deficient.

context of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). Because the Magistrate Judge's R&R was based on his conclusion that Petitioner failed to meet the first element of the Strickland test, the Court will limit its discussion to that element.

To establish the first element, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). Counsel's performance will only be considered unreasonable if the petitioner can establish that "particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Id. at 1314 (quoting Burger v. Kemp, 483 U.S. 776, 795 (1987)).

In a case with facts similar to this case, the Eleventh Circuit rejected a defendant's claim of ineffective assistance. See United States v. Pease, 240 F.3d 938 (11th Cir. 2001). In Pease the defendant asserted that he entered a guilty plea in reliance on his counsel's erroneous conclusion that he did not qualify as a career offender. Id. at 940-41. Counsel's error was caused by his failure to discover that the defendant had prior convictions for delivery of cocaine and resisting arrest with violence. Id. at 941. Counsel did not run a criminal records check on the defendant, and his investigation of his client's criminal history was limited to asking the defendant himself if he had prior convictions. Id. Upon learning that he would be sentenced as a career offender, the defendant filed a motion to withdraw his guilty

plea, which the district court denied. The defendant appealed the district court's denial of his motion, asserting that his counsel provided ineffective assistance by not informing him that he would be sentenced as a career offender. Id. at 940-41.

On appeal, the Eleventh Circuit concluded that counsel's investigation of the defendant's criminal history was not objectively unreasonable. Id. at 941-42. The court stated that it is not per se unreasonable for an attorney to rely on a client's statement of his own criminal history. Id. at 941. Instead, whether reliance on a client's statements constitutes deficient performance depends on the facts of the case. Id. at 942. On the facts before it, the Eleventh Circuit held that the district court properly concluded that counsel's performance was not deficient. Id.

Here, Petitioner contends that Jenkins should have ordered certified copies of all the convictions to verify the accuracy of the criminal history report, and his failure to do so was objectively unreasonable. The Court disagrees with this contention. As the Eleventh Circuit recognized in Pease, whether an attorney's investigation of a client's criminal history is objectively unreasonable depends on the peculiar facts of each case. In Pease the court declined to adopt a per se rule that it is unreasonable for an attorney to rely on a client's statement of his own criminal history. Id. at 941. Likewise, in this case, the Court declines to adopt a per se rule that it is unreasonable for an attorney to rely on the accuracy of a client's criminal history report. Whether reliance on the accuracy of such a report is unreasonable depends on the specific facts of the case.

In this case, there are no facts that suggest it was objectively unreasonable for Jenkins to rely on the criminal history report in concluding that Petitioner did not qualify as a career offender.[2] On its face, the criminal history report did not reveal that Petitioner qualified as a career offender, and Jenkins reviewed the report with Petitioner. In reliance on this report, Jenkins informed Petitioner that he would not be sentenced as a career offender because, although his criminal history was extensive, his convictions were essentially for petty offenses. Petitioner, however, failed to notify Jenkins that his criminal history report inaccurately stated that his January 27, 1994, conviction was for resisting arrest without violence. He also failed to correct Jenkins's assertion that his convictions were limited to petty offenses. Petitioner was well aware of his own criminal history, and his failure to inform Jenkins of the error in his criminal history report constituted a representation, by omission, that the report was accurate. As a result, Petitioner has failed to establish that it was objectively unreasonable for Jenkins to rely on the criminal history report. Accordingly, this Court concludes that Jenkins did not render ineffective assistance

---

[2] Petitioner makes much of the fact that prior to his guilty plea, the prosecuting attorney informed Jenkins that Petitioner might qualify as a career offender. There is nothing in the record that suggests that the prosecutor's statement was premised on any first-hand knowledge that the criminal history report was inaccurate. Instead, it seems to be premised on nothing more than Petitioner's extensive criminal history, as reported in the Pretrial Services Report. An extensive criminal history, however, does not automatically qualify a defendant for career offender status. See U.S.S.G. § 4B1.1(a). Career offender status is dependent on the existence of prior convictions for specific predicate offenses. Id. As stated above, on its face, the criminal history report did not reveal that Petitioner had been convicted of the predicate offenses necessary to qualify him for career offender status.

of counsel by failing to inform Petitioner that he would be sentenced as a career offender.

### III. CONCLUSION

For the foregoing reasons, the Court accepts the Magistrate Judge's recommendation. Petitioner's Motion to Vacate Under § 2255 is denied.

**SO ORDERED**, this the 10th day of December, 2008

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

dhc